UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No:   6:14-cv-1517-Orl-31TBS

HELEN GRAY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc 11). Upon due consideration I respectfully recommend that the motion be GRANTED.

### I. Background

In 1987, Defendant Helen Gray took out a $4,000 loan, issued under the auspices of the federal PLUS student loan program, from Merchants National Bank in Indianapolis to fund a course of study at a vocational and technical college (Docs. 1-2, 1-3).  She failed to make payments due on the loan and in 1989 Merchants declared her in default and assigned the loan to a guaranty agency (Doc. 1-3).  In 1995, after its efforts to collect the loan proved unsuccessful, the guaranty agency assigned the loan to the federal Department of Education (Id.).  Since then, the government has managed to collect $2,591.72 using administrative collection procedures, but the loan has also accrued over $5,000 in interest.

In 2014, the government filed this suit to reduce Defendant's defaulted loan obligation to a judgment (Doc. 1).  Defendant was served with the complaint on January 22, 2015 (Doc. 8).  She did not respond or otherwise appear in the case and on February

18, the Clerk entered her default at the government's request (Docs. 9, 10). Two days later the government filed the pending motion for default judgment (Doc. 11).[1]

## II. Discussion

The entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the complaint sufficiently alleges a basis for default judgment. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. DIRECTV, Inc., 359 F. Supp. 2d at 1206. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206. No default judgment may be entered against an individual unless the plaintiff has complied with the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. Appx. § 521.

### A. Threshold Issues

The rules regarding the service of process in a federal action are set forth in Federal Rule of Civil Procedure 4. Rule 4(e) provides that an individual may be served

---

[1] Although Plaintiff seeks "a sum that can be made certain by calculation" and declares in the motion that Defendant is not "a minor or incompetent person" (see Doc. 11, ¶¶ 2, 3) Plaintiff has not attached an "affidavit showing the amount due." Had Plaintiff attached such an affidavit, the Clerk would be required under Rule 55(b)(1) to enter the default judgment at Plaintiff's request, and involvement of a judge would not be necessary. See Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1531 (11th Cir. 1985).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e). Here, a Deputy United States Marshal served the summons and complaint on Defendant's husband at their common residence on January 22, 2015 (Doc. 8). Accordingly, service of process complied with Rule 4(e). Pursuant to Rule 12(a)(1)(A)(i), Defendant had to respond to the complaint by February 12, 2015, 21 days from the date she was served. Review of the docket reveals that Defendant has not responded within that time, so the clerk's default was properly entered.

The Servicemembers Civil Relief Act does not prevent entry of default judgment against Defendant because, in a declaration attached to the return of service, the deputy marshal declares that Defendant's husband stated that Defendant was not in the military service of the United States (Doc. 8, p. 2). This declaration satisfies the SCRA's affidavit requirement. See 50 U.S.C. appx. § 521(b)(1)(A), (c).

B. Liability

After considering the well-pled allegations and the record evidence, I find that the government's allegations support the entry of judgment against Defendant. "[F]or judgment to be entered in favor of the United States, it must prove that (1) Defendant executed the note; (2) that United States is the present holder of the note; and (3) the note is in default." U.S. v. Hickey, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229 at *2 (M.D. Fla. Feb. 27, 2012), adopted by 2012 WL 933206 (M.D. Fla. Mar. 20, 2012).

Attached to Plaintiff's complaint is a Certificate of Indebtedness, executed under penalty of perjury, which states that Defendant executed the promissory note sued on; the Department of Education owns the note; and Defendant defaulted on her obligation in 1989.  Federal Rule of Civil Procedure 10(c) provides "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."  Plaintiff has sufficiently alleged a cause of action against Defendant, and based upon her failure to answer the complaint, she has admitted Plaintiff's well-pled allegations.

C. Computation of Damages

As of March 31, 2014, Plaintiff owed $4,878.62 in principal and $5,210.09 in interest on the note.  Interest accrues at a rate of 3.38% per year through June 30, 2014 and at a rate of 3.35% per year after that date.  Thus, from April 1, 2014 through June 30, 2014, Plaintiff's loan accrued another ($4,878.62) x (91 days) x (3.38%) / (365 days/year) = $41.11 in interest; and from July 1, 2014 through February 26, 2015, the loan accrued another ($4,878.62) x (241 days) x (3.35%) / (365 days/year) = $107.91 in interest.  Accordingly, the total amount due, as of February 26, 2015, is $4,878.62 + $5,210.09 + $44.11 + $107.91 = $10,237.73.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** Plaintiff's motion for default judgment (Doc. 4) and direct the Clerk to enter judgment for Plaintiff in the amount of $10,237.73.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings on appeal.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 26, 2015.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties

Case 6:14-cv-01517-GAP-TBS   Document 12   Filed 02/26/15   Page 5 of 5 PageID 32